IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RICKEY CLINTON §
(Dallas Cty. Jail Bookin No. 17004402), §
 §
Plaintiff, §
 §
V. § No. 3:17-cv-2109-D-BN
 §
NURSE ELIZABETH, OFFICER §
JEFFERSON, AND NURSE YOUNG, §
 §
Defendants. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action by a prisoner (or, possibly, a pretrial detainee) against employees of a government entity has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The Court has granted Plaintiff Rickey Clinton leave to proceed *in forma pauperis* ("IFP"). The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**Applicable Background**

Clinton alleges that Nurse Elizabeth, during the distribution of medication at the Dallas County Jail, used "a laptop with no privacy screen," therefore "displaying the list of medications ([his] protected health information) for other inmates to see."

-1-

Dkt. No. 3 at 4 (asserting that "[t]his is a violation of [his] right to privacy under HIPAA."). Clinton similarly alleges that, on May 5, 2017, Nurse Young "had Officer Jefferson handling [inmates'] medication and Officer Jefferson disclosing [their] personal medical information." *Id.*

## Legal Standards and Analysis

Because he is proceeding IFP and because Clinton, a prisoner or pretrial detainee at the time of the alleged harm, has sued employees of a government entity, his complaint is subject to dismissal without service if it, for example, "fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b)(1).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual allegations*' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam; emphasis added by *Smith*)), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

Clinton's only claims in this action under 42 U.S.C. § 1983 are based on alleged violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996) (codified primarily in United States Code Titles 18, 26 and 42). But it is well-established that "there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over" a claim based on HIPAA. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) (per curiam); *see Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) (per curiam) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action. We hold that the district court properly dismissed Plaintiffs' federal claims for failure to state a claim."); *see, e.g., Saldana-Fountain v. United States*, EP-15-CV-39-KC, 2016 WL 626573, at *13 (W.D. Tex. Feb. 16, 2016); *Dean v. City of New Orleans*, Civ. A. No. 11-2209, 2012 WL 2564954, at *14-*15 (E.D. La. July 2, 2012) (collecting cases).

The Court should therefore dismiss Clinton's complaint with prejudice.

**Recommendation**

The Court should dismiss this action with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 11, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE